NOT FOR PUBLICATION                    [Dkt. Nos. 91, 92, 93, 94, 95]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| CHAKA KWANZAA, <br><br> Plaintiff, <br><br> v. <br><br> J. KNOWLES, et al, <br><br> Defendants. | Civil No. 05-5976 (RMB) <br><br> **OPINION** |

APPEARANCES:

    Chaka Kwanzaa
    # 96993-B / 238671
    C.R.A.F.-E-2-W
    P.O. Box 7450
    West Trenton, NJ 08628
        Plaintiff, pro se

    Thomas Edward Kemble
    Office of the N.J. Attorney General
    25 Market St.
    P.O. Box 112
    Trenton, NJ 08625-0112
        Attorney for Defendants J. Knowles, L. Sherrer, L.
        Crenny, J. Caldwell, K. MacFarland, A. Jalloh, G.
        Eisinger, J. Dice, C. McDowell, and J. Wehrwein

    James R. Birchmeier
    Powell, Birchmeier & Powell
    1891 State Highway 50
    P.O. Box 582
    Tuckahoe, NJ 08250-0582
        Attorney for Defendants J. Knowles, L. Sherrer, K.
        MacFarland, and G. Eisinger (as to medical claims)

    Timothy M. Crammer
    Crammer, Bishop, Marczyk & O'Brien, PC
    508 New Jersey Ave., Suite B3
    Abescon, NJ 08201

      Attorney for Defendants S. Kudla, F. Green, T.
      Pipitone, N. Shah, D. Hollenbeck

**BUMB**, United States District Judge:

  This matter comes before the Court upon three motions for summary judgment filed by the various Defendants:  Motion for Summary Judgment by Defendants J. Knowles, L. Sherrer, Kathryn MacFarland, and Sgt. Eisinger [Dkt. No. 91]; Motion for Summary Judgment by Defendants Caldwell, Crenny, Dice, Eisinger, Jalloh, Knowles, MacFarland, McDowell, Sherrer and Wehrwian [Dkt. No. 93][1]; and Motion for Summary Judgment by Defendants Tiffany Pipitone, R.N., Niranjana Sha, M.D., Stephanie Kudla, R.N., Diane Hollenbeck, R.N., and Fran Green, N.P. [Dkt. No. 94].  Because the issues in these motions are largely overlapping, the Court finds it more practical to address them all in the same opinion.

  In his opposition to these motions for summary judgment, Plaintiff states that, "the defendants have arbitrarily withheld evidence to adduce the truth from being brought to light by arbitrarily refusing to produce 'discoveries' requested 2/27/07, and again hand delivered demands via deposition held 11/7/07, for plaintiff."  (Pl. Opp. [Dkt. No. 97] at 8).  Additionally, since

---

[1] The motion docketed as No. 91 seeks dismissal of the inadequate medical care claims brought against Defendants Knowles, Sherrer, MacFarland and Eisinger.  The motion docketed as No. 93 seeks dismissal of all other claims brought against these Defendants.

the filing of these summary judgment motions, Plaintiff has filed two motions to compel Defendants to respond to his discovery requests.  (See Dkt. Nos. 98, 108).  Plaintiff's first motion to compel, filed April 29, 2008, was denied by United States Magistrate Judge Donio on July 24, 2008.  (See Order [Dkt. No. 107]).  However, although Judge Donio's Order denied Plaintiff's motion, it also stated that, "Defendants shall serve their responses to the discovery requests ... within twenty (20) days from the date of entry of this Order."  (Id. at 5-6).  According to Plaintiff's second motion to compel, filed September 2, 2008, Defendants have failed to comply with Judge Donio's Order, as more than twenty days have passed and Plaintiff has still not received any response to his prior discovery request.  (See Motion to Compel [Dkt. No. 108]).  In sum, it appears to this Court that Plaintiff claims he cannot respond meaningfully to Defendants' motions for summary judgment because Defendants have refused to respond to Plaintiff's discovery requests.

Under Rule 56(f) of the Federal Rules of Civil Procedure, a party opposing a summary judgment motion may submit an affidavit to the court setting forth the reasons why he cannot present facts essential to oppose the motion.  Rule 56(f) states:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;

>    (2) order a continuance to enable affidavits to be
>        obtained, depositions to be taken, or other
>        discovery to be undertaken; or
>    (3) issue any other just order.

Fed. R. Civ. P. 56(f).  The Third Circuit has interpreted Rule 56(f) "as requiring a party seeking further discovery in opposition to a summary judgment motion to file an affidavit specifying what information is sought, how it would preclude summary judgment if uncovered, and why it had not been previously obtained."  Zheng v. Quest Diagnostics, Inc., 2007 U.S. App. LEXIS 22575 at *14 (3d Cir. 2007).  Where a 56(f) motion is properly filed and supported, it is generally granted "as a matter of course" because "a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery," Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (internal quotations omitted).

In this case, although Plaintiff has not filed an affidavit as required by Rule 56(f), the Court is mindful that "pro se filings are to be construed liberally."  Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247 (3d Cir. 1999)).  Affording Plaintiff the benefit of this rule, this Court will interpret Plaintiff's opposition as an affidavit under Fed. R. Civ. P. 56(f).

Given Defendants' alleged failure to respond to Plaintiff's discovery requests, as well as their alleged failure to comply

with Judge Donio's Order, this Court finds that Plaintiff lacks the evidence essential to oppose Defendants' motions.  It would be unfair and inappropriate to grant Defendants' summary judgment motions without first allowing Plaintiff an adequate opportunity to obtain and review discovery.  If and when Defendants cooperate with Plaintiff on the discovery issue, and after Plaintiff has had a reasonable amount of time to review such discovery, this Court will permit Defendants to refile their motions for summary judgment.

Accordingly, the Court will deny Defendants' motions without prejudice.  In addition, the Court will deny as moot Defendants' two related motions to seal various documents in support of their summary judgment motions.  An appropriate Order will issue this date.

Dated:  September 8, 2008      s/Renée Marie Bumb
                               RENÉE MARIE BUMB
                               UNITED STATES DISTRICT JUDGE